UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELPHI AUTOMOTIVE SYSTEMS,
LLC, ET AL.,                                       No. 10-10886

           Plaintiffs,                    District Judge Julian Abele Cook, Jr.

v.                                                 Magistrate Judge R. Steven Whalen

VEHICLE OCCUPANT SENSING
SYSTEMS, LLC,

           Defendant.
_____ /

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL

This is a patent case. Before the Court is Plaintiffs' Motion to Compel Discovery [Doc. #64], in which Plaintiffs seek an order compelling Defendant Vehicle Occupant Sensing Systems, LLC ("VOSS") to disclose documents related to its prior settlements of infringement claims against American Honda Motor Co., Inc. ("Honda") (document request #4) and BMW North America LLC ("BMW") (document request #5).

In support of their motion, Plaintiffs rely on *ResQNet.com, Inc. v. Lansa*, 594 F.3d 860 (Fed.Cir. 2010), and its progeny. The question in *ResQNet.com* was the "reasonable royalty computation" as related to damages for infringement, specifically the relationship of licences to a hypothetical negotiation damages analysis. In the case before it, the Federal Circuit noted "that the most reliable license in this record arose out of litigation." *Id*., at 872, and remanded with the following instructions:

> "On remand, the district court will have the opportunity to reconsider the reasonable royalty calculation. At that time, the district court may also consider the panoply of 'events and facts that occurred thereafter and that could not have been known to or predicted by the hypothesized negotiators.'" *Id*. at 873 (quoting *Fromson v. Western Litho Plate & Supply Co.*, 853 F.2d 1568, 1575 (Fed.Cir.1988)).

In the wake of *ResQNet.com*, a number of courts have approved discovery of prior settlement negotiations involving the allegedly infringed product. In *Tyco Healthcare Group LP v. E-Z-EM, Inc.*, 2010 WL 774878, *2 (E.D.Tex.,2010), the court, citing *ResQNet.com*, found that "[a] prior,

related settlement agreement, where it exists, may be central to the fact-finder's determination of damages using a hypothetical negotiations analysis."[1] The court went on to hold that not only the settlement agreement, but the negotiations leading up to that agreement were discoverable:

> "It necessarily follows that, in light of the admissibility and importance of prior related settlement agreements, *ResQNet* suggests that the underlying negotiations are relevant to the calculation of a reasonable royalty using the hypothetical negotiation damages model." *Id.*

*See also C&C Jewelry Mfg., Inc. v. West*, 2010 WL 3943673 (N.D. Cal. 2010); *Clear With Computers, LLC v. Bergdorf Goodman, Inc.*, 2010 WL 4881801 (E.D. Tex. 2010).[2]

The Plaintiffs' request for documents related to the two prior settlements seeks clearly relevant information under *ResQNet.com* and the other cases cited above. In reply to the motion to compel, Defendant VOSS states that it "is not opposed to producing non-privileged responsive documents" in its possession, but that Honda and BMW object to sharing the documents with the Plaintiffs because they are "confidential in nature." VOSS acknowledges, however, that there is a protective order in this case governing the production of confidential information.

Accordingly, Plaintiffs' motion to compel [Doc. #64] is GRANTED. Defendant shall, within 14 days of the date of this Order, produce documents in response to Plaintiff's Requests to Produce #4 and #5.  Any documents that are withheld on the basis of attorney-client privilege shall be described in a privilege log.  In view of *ResQNet.com*, as well as the waiver discussed in fn.1, *supra*, documents may not be withheld on the basis of a "settlement privilege" under *Goodyear*, *supra*.

---

[1] In view of *ResQNet.com*, the *Tyco* court declined to apply the so-called "settlement privilege" discussed in *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003) ("The *Goodyear* privilege does not apply in light of the Federal Circuit's ruling in *ResQNet*"). *Goodyear* held that settlement negotiations conducted pursuant to a confidentiality order are privileged).  In the present case, the Defendant has not cited or otherwise relied on *Goodyear* and has not argued that the settlement negotiations in question were protected by a confidentiality order. An issue not raised directly is deemed waived. *United States v. Campbell,* 279 F.3d 392, 401 (6th Cir.2002).

[2] As Plaintiff Delphi points out at p. 5 of its brief, "in the *Clear With Computers* case, the plaintiff CWC's only business was to litigate and license the patents, and prior settlement agreements were the only licenses of the patents-in-suit. No other non-litigation licenses were available to reflect the value of the invention." Likewise in this case, Defendant VOSS's only business is to enforce the patents-in-suit.

The production of documents under this Order shall be governed by the protective order entered on July 15, 2010 [Doc. #33].

SO ORDERED.


s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: April 19, 2011

_____

## CERTIFICATE OF SERVICE

I hereby certify on April 19, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on April 19, 2011: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge R. Steven Whalen
(313) 234-5217