UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELPHI AUTOMOTIVE SYSTEMS, LLC, et al.,

        Plaintiffs/Counter-Defendants,

                                      Case number 10-10886
v.                                         Honorable Julian Abele Cook, Jr.

VEHICLE OCCUPANT SENSING SYSTEMS,

        Defendant/Counter-Plaintiff.

ORDER

This is a patent action in which the Plaintiffs, Delphi Automotive Systems, LLC ("Delphi"), IIE Sensing, Inc., and IEE SA, seek the entry of a declaratory judgment of non-infringement and invalidity of three patents. The Defendant, Vehicle Occupant Sensing Systems, LLC ("VOSS"), claims ownership by assignment of the three patents in suit (namely, U.S. Patent Nos. 6,292,727 ("the '727 Patent"), 6,968,263 ("the '263 Patent"), and 7,542,836 ("the '838 Patent)). Currently before the Court is the Plaintiffs' request to bifurcate discovery related to liability from discovery related to damages.[1]

The Plaintiffs manufacture and sell, among other things, so-called "occupant sensing" products that are used in the area of automobile safety. Two of the Defendants, Delphi and IIE Sensing, Inc., supply products to General Motors ("GM") and American Honda Motor Co., Inc.

---

[1] The Plaintiffs have not indicated whether they will seek a bifurcation of the trial if this matter proceeds to trial. However, because the analyses regarding the bifurcation of the discovery and the trial are similar, the Court finds guidance from caselaw addressing bifurcation in both contexts.

("Honda"), and the third Defendant, IIE SA, supplies products to BMW. In 2009, VOSS commenced a patent infringement lawsuit in the Eastern District of Texas against GM and Honda (*Voss v. GM et al.*, Case No. 6:09-CV-00548). Although GM was subsequently dismissed from this litigation, BMW North America LLC ("BMW") was added as a party-defendant. The same patents are at issue in each lawsuit.

In the case at bar, the Plaintiffs allege that their respective products served as the basis for VOSS's infringement allegations in *VOSS v. GM*, and seek to obtain the entries of declaratory judgments that (1) their products do not infringe upon any valid, enforceable claim of the patents in suit; and (2) the claims of the patents in suit are invalid. VOSS subsequently filed a counterclaim for patent infringement with respect to the '263 and '836 Patents against all three Plaintiffs.

The parties have submitted a joint list of issues, as well as a proposed schedule, in which they agree on all scheduling matters except as to whether discovery should proceed on every contested issue simultaneously (as VOSS argues), or should be subjected to bifurcation (as the Plaintiffs argue). It is the Plaintiffs' contention that discovery regarding damages should occur only after the parties' dispositive motions on liability have been resolved.

In support of their request, the Plaintiffs assert that their discovery efforts with regard to damages are likely to be resource-intensive and require the involvement of forensic accounting experts. (*See* Joint List of Issues and Proposed Schedule at 4 ("Damages discovery requires a party accused of patent infringement to expend substantial time and resources in locating financial and accounting records relating to the cost, revenue and profitability of the products accused of infringement.")). Moreover, the Plaintiffs submit that such discovery will be

rendered superfluous if the Court determines that they have not infringed any valid, enforceable claim of the patents in suit. Thus, it is their position that the parties can avoid potentially wasted expenditure of time and resources by delaying damages discovery until after the liability issues are resolved. Finally, they assert that the relevant records "are extremely confidential and competitively-sensitive." (*Id.*). VOSS, on the other hand, argues that discovery regarding damages is essential to any meaningful settlement discussions, and challenges the characterization by the Plaintiffs that this phase of discovery would place an unwarranted expenditure of time and money upon the parties.

      The Court concludes that the Plaintiffs have not demonstrated the need for bifurcation of the discovery process at this time. They have not raised any arguments that are particular to the circumstances of this case. Rather, the Plaintiffs have spoken only in broad terms about damages discovery in patent cases in general. Although bifurcation of liability and damages is appropriate in some patent cases, that does not mean that it is appropriate in this patent case. *See, e.g.*, *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 621 (N.D. Ill. 2000) (denying motion to bifurcate trial and stay damages discovery where "there is no evidence to suggest that [the damages] computation is more unusual, complex or complicated than the average patent case"); *BASF Catalysts LLC v. Aristo, Inc.*, No. 2:07-cv-222, 2009 WL 523123, at *4 (N.D. Ind. Mar. 2, 2009) ("Although [movant] is correct that damages discovery is wasted effort if no liability is found, this applies equally to all liability-based litigation and is not a convincing argument on a straightforward patent infringement claim such as presented here."). So too, here, there is nothing to suggest that the damages computation is unusually complicated or burdensome from an economic point of view.

Although it is true that a finding of non-infringement would obviate the need for the parties to engage in damages discovery, the Plaintiffs have done nothing to establish a likelihood that they will prevail on the liability issue.[2] *See Masimo Corp. v. Philips Elec. N. Am. Corp.*, 742 F. Supp. 2d 492, 497 (D. Del. 2010) (denying defendant's motion to bifurcate where, notwithstanding that finding of non-infringement would render damages discovery unnecessary, it had not demonstrated better-than-even chance of prevailing on issue of liability).

Addressing the Plaintiffs' argument that they will be prejudiced if bifurcation is not ordered because damages discovery would require their disclosure of confidential records, the parties can address those issues as they arise by seeking to obtain appropriate protective orders. *See, e.g.*, *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*, No. 09-C-0916, 2010 WL 3521567, at *2 (E.D. Wis. Sept. 7, 2010) ("[Movant] contends that it will be prejudiced by disclosing, though discovery, confidential business information. This Court has used, and will continue to use, protective orders to alleviate this concern.").

Finally, it is not at all clear that bifurcation would lead to a more expedient or efficient litigation, especially in light of the possibility of extended motion practice which would require the Court to identify the category into which the requested discovery falls. *See, e.g.*, *Kimberly Clark*, 2010 WL 3521567, at *2 ("Another reason to deny bifurcation is that damages and liability are not easily compartmentalized. . . . Bifurcation would likely require the parties, and possibly this Court, to wade into the morass inherent in drawing lines between discovery

---

[2]The Court also notes that the Plaintiffs have been actively pursuing discovery relating to damages. Indeed, one week prior to filing the instant request, they filed a motion to compel discovery in which it was argued that the requested discovery material (documents pertaining to VOSS's settlement of its infringement claims against Honda and BMW in the Texas action) was "informative to the damages analysis in this case." (Pls.' Mot. to Compel at 1, ECF No. 64).

relevant to damages and discovery relevant to liability."); *BASF Catalysts*, 2009 WL 523123, at *2 ("[Movant] contends that bifurcation will simplify the issues presented to the jury and postpone, and possibly eliminate, the discovery and trial concerning damages. Postponement does not equate with economy. In fact, many courts have noted that bifurcation can lead to additional discovery disputes that actually add time and costs to the litigation."). The Court thus concludes that the Plaintiffs have not met their burden of establishing the propriety of bifurcation. *See BASF Catalysts*, 2009 WL 523123, at *2 ("The party seeking bifurcation has the burden of demonstrating that judicial economy would be served and that no party would be prejudiced by separate trials based on the case's circumstances.").

For the reasons that have been set forth above, the Court denies without prejudice the Plaintiffs' request to bifurcate discovery of liability and damages.[3] The Court will enter a separate scheduling order that will reflect this determination.

IT IS SO ORDERED

Dated:  June 6, 2011         s/Julian Abele Cook, Jr.
        Detroit, Michigan    JULIAN ABELE COOK, JR.
                             United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 6, 2011

                             s/ Kay Doaks
                             Case Manager

---

[3] In recognition of the fact that this matter came before the Court not via a fully-briefed motion to bifurcate, but rather a spare "statement of position" in a proposed schedule, this denial is without prejudice to the Plaintiffs' ability to seek the same relief though a formal and fully-developed motion.