UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELPHI AUTOMOTIVE SYSTEMS, LLC, et al.,

        Plaintiffs/Counter-Defendants,

                                            Case number 10-10886
v.                                               Honorable Julian Abele Cook, Jr.

VEHICLE OCCUPANT SENSING SYSTEMS,

        Defendant/Counter-Plaintiff.

ORDER

This is a patent action in which the Plaintiffs, Delphi Automotive Systems, LLC ("Delphi"), IEE Sensing, Inc., and IEE S.A., seek to obtain the entry of a declaratory judgment of non-infringement and invalidity of three patents. The Defendant, Vehicle Occupant Sensing Systems, LLC ("VOSS"), is the owner by assignment of the three patents in suit (namely, U.S. Patent Nos. 6,292,727 ("the '727 patent"), 6,968,263 ("the '263 patent"), and 7,542,836 ("the '836 patent")).[1] VOSS opposes the Plaintiffs' requests for relief, and has also filed a counterclaim in which it alleges that the Plaintiffs have infringed the '263 and '836 patents.

Currently before the Court is VOSS' motion to (1) strike the extrinsic evidence that had been filed along with the Plaintiffs' claim construction brief, and (2) stay the deadline for the filing of its reply claim construction brief.

Prior to this date, the parties submitted a proposed schedule to the Court which, in their

---

[1] Although the Plaintiffs' second amended complaint (ECF No. 56) challenges all three patents, the parties, in their respective claim construction briefs, have only referred to the '263 and '836 patents.

1

collective opinions, should govern the deadlines in this case. Thereafter, the Court adopted - with some modifications - their proposals in a scheduling order which was ultimately issued on June 6, 2011. (ECF No. 72). This order imposed a deadline of September 21, 2011, for the parties to "exchange proposed constructions for terms to be construed and support for their contentions." Acting upon two unopposed motions by VOSS, the Court initially extended this deadline to September 28th, and subsequently to September 30th. In their respective disclosures, the parties listed only intrinsic evidence - specifically, the relevant passages from the patents at issue - as the "support" for each of their construction positions. However, when the Plaintiffs filed their responsive claim construction brief on December 5, 2011, they included and relied upon previously undisclosed extrinsic evidence; i.e., a declaration by Tony Gioutsos, an engineer in the field of vehicle safety systems. It is this inclusion of his declaration that has produced the disagreement among the parties.

VOSS has objected to Gioutsos' declaration, contending that this evidence was never disclosed by the Plaintiffs as "support" for their positions during the initial exchange of disclosures or at any time prior to December 5, 2011. Thus, VOSS submits that this evidence, as well as all of the Plaintiffs' arguments that are based upon his opinions, should be stricken and not considered by the Court. Furthermore, it points to the virtual impossibility of formally responding to his opinions within the deadlines set by the scheduling order. VOSS notes that its reply brief was due only seven days after it received the Gioutsos declaration (December 12th) and a hearing on the claim construction issues was set for January 18, 2012. VOSS complains that this schedule gave it an insufficient amount of time in which to (1) depose Gioutsos, (2) retain its own rebuttal expert, (3) disclose the rebuttal opinions to the Plaintiffs, and (4) file a reply brief prior to January 18th -

2

let alone in the seven days before its reply brief was due. It also contends that it will be prejudiced by any postponement of the claim construction hearing to a later date because this action has already been pending for nearly two years.

The Plaintiffs' initial argument in opposition to the pending motion is that the scheduling order, which addressed the parties' respective obligations to disclose "support" for their construction arguments, did not constitute a deadline for them to identify and to disclose expert testimony or other extrinsic evidence. Although the word "support" - as it relates to the issue now before the Court - is arguably ambiguous, the most natural reading of it in the context of the scheduling order is "evidence in support of the parties' respective claim constructions." Although the Plaintiffs appear to disagree with this interpretation of "support," they have not offered an alternative meaning for it. Furthermore, they have neither argued that, nor explained why, the application of this word should be limited to the disclosure of only intrinsic - but not extrinsic - evidence. It seems obvious to the Court that the word "support" - which was adopted from the parties' joint proposed schedule - was designed to refer to all evidence upon which each party intended to rely when arguing in favor of its proposed constructions.

However, the Plaintiffs assert that VOSS shared their understanding that the parties retained the right to include undisclosed extrinsic evidence in the claim construction brief.[2] They note that VOSS expressly reserved the right to "modify its proposed constructions and offer additional intrinsic and extrinsic support for its constructions when it files its opening claim construction brief in order to narrow the issues after it has had an opportunity to assess Plaintiffs' proposed

---

[2]The parties' understanding of the meaning of the scheduling order, while helpful to the Court's determination, and is not dispositive of the contested issue.

constructions." (Def.'s Proposed Constructions for Terms to Be Construed at 1 n.1, copy at Ex. A to Pls.' Resp. to Def.'s Mot. to Strike). However, VOSS insists that, by this statement, it did not reserve the right to offer undisclosed extrinsic evidence in support of its own construction proposals. Rather, it maintains that it reserved the right to offer extrinsic evidence, if needed, to rebut any such evidence offered and timely disclosed by the Plaintiffs. Furthermore, VOSS contends that, since the Plaintiffs did not disclose any extrinsic evidence prior to the Court-imposed deadline for the filing of VOSS' opening construction brief, it did not seek to introduce any rebuttal extrinsic evidence of its own.

This distinction between evidence offered in support of one's own argument as opposed to rebuttal evidence is significant. Here, the Plaintiffs rely on this distinction when they argue that Gioutsos' opinion should be considered by the Court because it was included in response to VOSS' placement of the knowledge of "one skilled in the art" at issue in its opening construction brief. As VOSS aptly points out, however, the understanding and knowledge of "one skilled in the art" is at issue in every claim construction proceeding because the focus in construing disputed claim terms "is on the objective test of what one of ordinary skill in the art at the time of the invention would have understood the term to mean." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 986 (Fed. Cir. 1995). VOSS' references to the knowledge of "one skilled in the art" did not introduce a new issue into the proceedings that called for rebuttal evidence.

Moreover, a review of the challenged declaration makes clear that it was offered primarily to support the Plaintiffs' proposed constructions rather than to rebut the constructions proposed by VOSS in its opening brief. To the extent that Gioutsos refers to VOSS' constructions at all, he refers exclusively to those interpretations and the accompanying support that were offered in its

initial disclosure rather than in its opening brief. For example, in discussing the claim limitation "means responsive to said displacement current by categorizing an occupant of said seat into one of at least three categories," Gioutsos lists the intrinsic evidence offered by VOSS in support of its proposed construction. (Gioutsos Decl. ¶¶ 44-45). This list matches the support listed by VOSS in its initial exchange of proposed constructions (Def.'s Proposed Constructions for Terms to Be Construed at 8), but it does not match that given by VOSS in its claim construction brief (Def.'s Opening Claim Construction Br. at 14-15 (support for different claim limitation incorporated by reference into support for this limitation at 18)). Gioutsos states that, in preparing his report, he reviewed the '263 and '836 patents and parties' claim construction charts. However, there is nothing within his report wherein he (1) acknowledges having reviewed VOSS' opening construction brief or (2) indicates that his report had been prepared to rebut the contested issues therein.

"Real rebuttal evidence is evidence presented to rebut 'new' evidence . . . ." *Varga v. Rockwell Int'l Corp.*, 242 F.3d 693, 701 (6th Cir. 2001). Here, Gioutsos did not respond to any "new" evidence put forth by VOSS in its opening construction brief, and his declaration cannot be considered to be a response to the knowledge of "one skilled in the art" having been put into issue by VOSS. Moreover, to the extent that his declaration rebuts the constructions proposed by VOSS in its initial disclosure, the Plaintiffs should have disclosed an intent to rely on expert testimony to VOSS in a timely fashion. This is not to say that absolutely no evidence may be relied upon unless it was specifically listed as support in the initial exchange of proposed constructions. As the Plaintiffs have pointed out, neither side would have known what terms and constructions were contested or, therefore, what evidence would be necessary until they had completed their

5

simultaneous initial exchange of proposed constructions. Indeed, as noted above, VOSS has relied upon additional intrinsic evidence in its opening construction brief that it did not list in its initial disclosure. However, there is a vast difference between relying on previously undisclosed passages from the patent in suit - evidence that is plainly accessible to all parties - and relying on previously-undisclosed extrinsic evidence in the form of expert testimony. Here, the Plaintiffs gave no notice of their intent to rely on any extrinsic evidence - let alone providing VOSS with sufficient information and time to depose Gioutsos and rebut his opinions. Granting their argument that they were not aware of the need to rely on expert testimony until they received VOSS' initial proposed constructions, they have still not offered any justification for their failure to disclose this testimony until after VOSS had already filed its opening construction brief and a mere seven days before its reply brief was due.

VOSS would plainly be prejudiced at the claim construction hearing if the Plaintiffs were permitted to rely on this evidence without giving their adversary a reasonable opportunity to depose Gioutsos and rebut his opinions. *See Genentech, Inc. v. Trs. of the Univ. of Pa.*, No. 10-02037, 2011 WL 866599, at *2 (N.D. Cal. Mar. 10, 2011) ("[T]he Court recognizes that there is some prejudice to [a patentee] who filed its opening claim construction brief without the benefit of all of [the plaintiff's] references and expert declarations."); *Biovail Labs. Int'l SRL v. Cary Pharms. Inc.*, No. 09-605-JJF-LPS, 2010 WL 2132021 (D. Del. May 26, 2010) ("[Plaintiff's] filing of a rebuttal expert declaration in connection with its answering claim construction brief, after the period provided for in the Scheduling Order for expert depositions, without prior notice to [the defendant], was, in the circumstances presented here, inconsistent with the intent of the Scheduling Order. Furthermore, [the plaintiff's] conduct, if unaddressed, will unduly prejudice [the defendant's]

ability to advocate its position at the *Markman* hearing."). At the same time, however, the Court recognizes that "[e]xclusion of 'critical evidence'[3] in a patent case is an 'extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence.'" *Biovail Labs.*, 2010 WL 2132021, at *2. Especially in light of the arguable lack of clarity of the requirements of the scheduling order, the Court finds no evidence of a willful deception or a flagrant disregard of that order.

For the reasons that have been set forth above, VOSS' motion to strike this declaration is denied. (ECF No. 87). However, the Court recognizes that VOSS will be prejudiced in its ability to advocate its positions if it is not given an adequate amount of time to depose Gioutsos and respond appropriately. The Court also acknowledges the contention by VOSS that any additional delays in these proceedings would be prejudicial to its interests. Because VOSS is in the best position to assess how to balance these opposing considerations so as to sustain the least prejudice, it will be permitted to submit to the Court - within five (5) days of this order - a written proposed deadline for the filing of its reply brief. Thereafter, the Court will set a new date for the claim construction hearing. VOSS may include new rebuttal evidence along with its reply brief,[4] but it must promptly disclose this evidence to the Plaintiffs on a rolling basis. No additional claim construction briefing or evidence may be filed without leave of the Court.

---

[3]At this stage, the Court cannot say whether the challenged evidence is critical. Indeed, if the intrinsic evidence is unambiguous, any reliance on extrinsic evidence would be improper. *e.g.*, *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1583 (Fed. Cir. 1996). However, a determination of the ambiguity of the intrinsic evidence is a matter for the claim construction proceedings, and the Court will assume for the purposes of this motion that the challenged evidence will eventually be considered.

[4]This evidence must be limited to that which rebuts or attempts to rebut the Gioutsos declaration.

IT IS SO ORDERED

Date: January 17, 2012                                          s/Julian Abele Cook, Jr.
                                                                JULIAN ABELE COOK, JR.
                                                                U.S. District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 17, 2012

                                                                s/ Kay Doaks
                                                                Case Manager